IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION     2009 AUG 18 PM 12: 13

                                                CLERK___ R. Autr
                                                    SO. DIST. OF GA.

CHASTIN BETRON MOORE,

    Plaintiff,

v.                                              CIVIL ACTION NO.: CV509-035

SHIRLYN THOMAS, Deputy Warden,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Ware State Prison in Waycross, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts that he filed an informal grievance pertaining to the theft of his personal property after an officer left his cell door unlocked. Plaintiff alleges that Defendant Thomas, the Deputy Warden of Care and Treatment, rejected his informal grievance because he exceeded his filing limit, which was not true. Plaintiff also alleges that he was not allowed to file a formal grievance.

The Due Process Clause of the Fourteenth Amendment provides no state "shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend XIV, § 1. "Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property." Arrington v. Helms, 438 F.3d 1336, 1347 (11th Cir. 2006). "An inmate states a cognizable claim for the deprivation of his procedural due process rights under

the Fourteenth Amendment when he alleges the deprivation of a constitutionally protected liberty or property interest, state action, and constitutionally inadequate process." Id. However, there is no right to a particular type of process in the handling of prison grievances. See Wildberger v. Bracknell, 869 F.2d 1467, 1467-68 (11th Cir. 1989). Even if Defendant Thomas improperly rejected Plaintiff's informal grievance and did not give him a formal grievance, this is not a cognizable claim pursuant to § 1983.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**, with prejudice, due to Plaintiff's failure to state a claim upon which relief may be granted.

SO REPORTED and RECOMMENDED, this 18th day of August, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE